## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| CORNELIUS HALMON (#2013-1119209), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 14 C 3607 |
| | ) | |
| SUPERINTENDENT GREER, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

**CHARLES P. KOCORAS, District Judge:**

*Pro se* Plaintiff Cornelius Halmon ("Halmon"), a pretrial detainee at Cook County Jail, brought a civil rights action against Defendant Superintendent Greer ("Greer"), pursuant to 42 U.S.C. § 1983. Halmon claims that he has been forced to shower in cold water that is contaminated with lead. Greer moves to dismiss Halmon's complaint for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) [41]. Halmon filed three letters [44-46] and a motion [47], which the Court collectively construes as a response.

For the reasons that follow, the Court denies Greer's motion to dismiss [41].

**BACKGROUND**

The facts, as pleaded in the complaint, are set forth below. Halmon entered the Cook County Jail in November 2013. Halmon claims that for eleven months, he has been forced to take showers in cold water that is contaminated with lead. Halmon also claims that the cold showers have caused him to repeatedly "catch the flu" and become sick. Halmon contends that he suffers from black spots on his body because of the contaminated water. Halmon claims that he filed numerous grievances with respect to the cold, contaminated water, but that Greer failed to resolve the issue.

**LEGAL STANDARD**

A motion under Rule 12(b)(6) "challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). When reviewing a Rule 12(b)(6) motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in the plaintiff's favor. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). Pursuant to Rule 8(a)(2), a complaint must contain "a 'short and plain statement of the claim showing that the pleader is entitled to relief,' sufficient to provide the defendant with 'fair notice' of the claim and its basis." *Id.* (quoting Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Detailed factual allegations are not required, but the complaint "must contain sufficient factual matter, accepted as true, to

'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570). Plausibility in this context does not imply that a court "should decide whose version to believe, or which version is more likely than not." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). Rather, to survive a motion to dismiss under Rule 12(b)(6), "the plaintiff must give enough details about the subject-matter of the case to present a story that holds together. In other words, the court will ask itself could these things have happened, not did they happen." *Id.*

## DISCUSSION

The Due Process Clause prohibits conditions amounting to "punishment" of a pretrial detainee. *Bell v. Wolfish*, 441 U.S. 520, 535, 99 S. Ct. 1861, 60 L. Ed. 2d 447 (1979); *Minix v. Canarecci*, 597 F.3d 824, 830-31 (7th Cir. 2010). The protections extended to pretrial detainees under the Due Process Clause are at least as extensive as the protections against cruel and unusual punishment afforded to prisoners by the Eighth Amendment. *See, e.g., Velez v. Johnson*, 395 F.3d 732, 735 (7th Cir. 2005). The Eighth Amendment requires that inmates be furnished with basic human needs. *See Helling v. McKinney*, 509 U.S. 25, 33, 113 S. Ct. 2475, 125 L. Ed. 2d 22 (1993); *Christopher v. Buss*, 384 F.3d 879, 881-82 (7th Cir. 2004). Punishment requires something more than routine discomfort. *Rhodes v. Chapman*, 452 U.S. 337, 349, 101 S. Ct. 2392, 69 L. Ed. 2d 59 (1981). Punishment in the constitutional sense requires allegations of extreme deprivations over an extended period of time. *Hudson v.*

*McMillian*, 503 U.S. 1, 8-9, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992); *Bell* at 542; *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999).

Prison officials violate an inmate's constitutional rights in conditions of confinement cases where the alleged deprivation is "sufficiently serious" (the objective standard) and (2) the officials act with deliberate indifference (the subjective standard). *Farmer v. Brennan*, 511 U.S. 825, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994); *Lehn v. Holmes*, 364 F.3d 862, 872 (7th Cir. 2004).

Here, Greer argues, without citing any authority, that Halmon's claim must be dismissed because being forced to shower in cold water does not meet the objective standard of the test set forth above. Indeed, this Court has held that an occasional cold shower due to plumbing problems is not a constitutional violation. *Williams v. DeTella*, 1997 U.S. Dist. LEXIS 14856, No. 95 C 6498, 1997 WL 603884 (N.D. Ill. Sept. 23, 1997) (Gottschall, J.) ("Defendants can hardly be expected to give inmates notice of plumbing problems and occasional cold showers do not offend basic human decency."). Nevertheless, as this Court noted in *Gordon v. Sheahan*, 1997 U.S. Dist. LEXIS 3508, No. 96 C 1784, 1997 WL 136699 (N.D. Ill. March 24, 1997), showers are part of "the minimal civilized measure of life's necessities" to be provided for prisoners. As such, an eleven month regime of cold showers -- especially throughout the wintertime -- in allegedly contaminated water could violate the Constitution. *See e.g., Tapia v. Sheahan*, 1998 U.S. Dist. LEXIS 20537, No. 97 C 5737, 1998 WL

919709 (N.D. Ill. Dec. 30, 1998) (finding that permanent regimen of cold showers, coupled with a lack of heat, could violate the Constitution).

Additionally, Halmon has alleged facts in his complaint that, if true, would suggest that the complained-of conditions related to the water were caused by the acts or omissions of Greer. Specifically, Halmon claims that he filed numerous grievances complaining about the water and that Greer failed to adequately address the problem.

Accordingly, dismissal of the complaint at this stage of the litigation would be inappropriate. Greer's motion to dismiss is, therefore, denied.

## CONCLUSION

For the reasons stated above, the Court denies Greer's motions to dismiss [41]. Greer shall respond to the complaint or otherwise plead within 28 days of the date of this order. The Clerk is instructed to terminate Halmon's pending motion [47].

Dated:5/14/2015

Charles P. Kocoras
United States District Judge